# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ALBERT J. SCHUHOLZ, JR.,
      Petitioner


     vs                             Case No. 1:04-CV-724
                                        (Weber, J.; Hogan, M.J.)


STATE OF OHIO,                        **REPORT AND RECOMMENDATION**
      Respondent

Petitioner brings this case *pro se* seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254.  The case is before the Court upon the petition (Doc. 2), respondent's return of writ and exhibits thereto (Doc. 4), petitioner's responses to the return (Docs. 4, 5, 6), petitioner's motion for summary judgment (Doc. 8), petitioner's motion to produce evidence (Doc. 9), and petitioner's notice of additional evidence. (Doc. 10).

Petitioner is a mentally incompetent federal prisoner currently incarcerated in the Springfield Missouri Medical Center for Federal Prisoners.  In November 1999, petitioner pleaded guilty to a charge of travel in interstate commerce with intent to commit murder for hire in the United States District Court for the Eastern District of Kentucky. (Doc. 4, Exh. A, Case No. 98-68).  He was sentenced to one hundred twenty-one months of incarceration. *Id*. However, he was subsequently deemed to be mentally incompetent, committed to the custody of the United States Attorney General for hospitalization and treatment, and provisionally sentenced to 121 months imprisonment pursuant to 18 U.S.C. § 4244. (Doc. 4, Exhs. A, B, I). He was then placed at his current residence at the Springfield Missouri Medical Center for Federal Prisoners for hospitalization and treatment.

In the meantime, petitioner was indicted on April 30, 1999 on four counts of aggravated murder in violation of Ohio Rev. Code § 2903.01. (Doc. 4, Exh. C).  While petitioner was in federal custody, a detainer was filed with federal officials. (Doc. 4, Exh. E).  Petitioner filed a request for final disposition of the charges against him pursuant to the Interstate Agreement on Detainers, Ohio Rev. Code § 2963.30 (Doc. 4, Exh. D), which was opposed by the State of Ohio and the children of the murder victims. (Doc. 4, Exhs. E, F).  On February 26, 2004, the Hamilton County Court of Common Pleas granted the State's motion to quash petitioner's request, finding that: (1) petitioner had not entered upon a final term of imprisonment on his federal convictions and under Art. III of Ohio Rev. Code § 2963.30 was not entitled to invoke the Interstate Agreement on Detainers to dispose of the detainer against him; and (2) the provisions of the Interstate Agreement on Detainers did not apply to petitioner because he was mentally incompetent, unable to stand trial, and mentally ill under Art. VI of Ohio Rev. Code § 2963.30. (Doc. 4, Exh. G).

On October 22, 2004, petitioner filed his petition under 28 U.S.C. § 2254 for writ of habeas corpus in this Court seeking "release of a (sic) illegal detainer per IAD Fed. Rules Alabama v. Bozeman, 533 U.S. 146 (2001)." (Doc. 2 at 1).  The petition states: "On 1-16-2003 Schuholz was sent to Ohio, no conditions, on 4-17-2002, Warden Hedrick state (Line 4) Is this person Legally competent? "Yes".  On 10-01-04 Mr. Bonini, "Clerk," Cinti, OH file stamped "Enforcement of Supreme of IAD Rule. 533 U.S. 146 (2001)." (Doc. 2 at 4). Petitioner states he appealed the February 26, 2004 decision of the Hamilton County Court of Common Pleas to the Ohio Court of Appeals and the Supreme Court of Ohio, but his appeals

were "denied." (Doc. 2 at 3)[1].

Respondent seeks dismissal of the petition, contending that the petition fails to contain any grounds for relief, and that to the extent petitioner seeks to attack the constitutionality of his federal conviction the petition should be filed in the federal district court in Missouri. Respondent further argues that because there is no "existing" Ohio conviction for petitioner to challenge since he has not yet been tried on the Ohio indictment, he is not entitled to habeas relief. (Doc. 4 at 3).

The Court recognizes that allegations in a pro se petition are held to "less stringent standards than formal pleadings drafted by lawyers" and are entitled to a "liberal construction." *See Franklin v. Rose,* 765 F.2d 82, 84-85 (6th Cir. 1985) (quoting *Haines v. Kerner,* 404 U.S. 519, 520 (1972), and *Burris v. United States,* 430 F.2d 399, 403 (7th Cir. 1970), *cert. denied,* 401 U.S. 921 (1971)).   Liberally construing the petition, it appears that petitioner is attacking the Ohio court's refusal to dismiss the Ohio indictment against him.  As best the Court can discern, petitioner contends that the Ohio charges against him should be dismissed for the State's failure to comply with the dictates of the Interstate Agreement on Detainers Act. (Doc. 5, Exh. 1).

The Interstate Agreement on Detainers Act, 18 U.S.C. App. § 2 (IAD), is a compact entered into by the federal government and 48 states, including Ohio, under Constitutional authority found in Article I, Section 10, Clause 3.  *See also* Ohio Rev. Code § 2963.30.  As the

---

[1]     Respondent asserts that petitioner did not contest the trial court's dismissal of his request by filing appeals.  However, a review of the Ohio Supreme Court's docket for Case No. 2004-0659, the number given by petitioner for his appeal, shows a petition for habeas corpus was filed by one Albert J. "Schultz", Jr. on April 22, 2004, and sua sponte dismissed by the Ohio Supreme Court on June 9, 2004.  *See Albert J. Schultz, Jr. v. State of Ohio, Hamilton Cty. Court of Common Pleas*, Case No. 2004-0659, found at the website: www.sconet.state. oh.us/clerk_of_court/ecms/resultsbycasenumber.asp

Supreme Court has explained:

> Forty-eight States, the Federal Government, and the District of Columbia (all of which, for simplicity, we shall call "States") have entered into the Interstate Agreement on Detainers (Agreement), 18 U.S.C. App. § 2, p. 692, an interstate compact. The Agreement creates uniform procedures for lodging and executing a detainer, *i.e.*, a legal order that requires a State in which an individual is currently imprisoned to hold that individual when he has finished serving his sentence so that he may be tried by a different State for a different crime.

> The Agreement provides for expeditious delivery of the prisoner to the receiving State for trial prior to the termination of his sentence in the sending State. And it seeks to minimize the consequent interruption of the prisoner's ongoing prison term. . . .   Article III gives a prisoner against whom a detainer has been lodged the right to "request" a "final disposition" of the relevant charges, in which case "he shall be brought to trial within one hundred and eighty days" (unless extended by the trial court for "good cause"); otherwise, the relevant "indictment, information, or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice." Art. III(a), (d).

> Article IV gives "the jurisdiction in which an untried indictment, information, or complaint is pending," *i.e.*, the receiving State, the right "to have a prisoner against whom" it "has lodged a detainer . . . made available" for trial. Art. IV(a). It says further that, once the prisoner arrives in the receiving State, the "trial" must begin "within one hundred and twenty days" unless extended for "good cause." Art. IV(c).

*Alabama v. Bozeman*, 533 U.S. 146, 148-150 (2001).  Petitioner alleges that "Ohio extradicted Schuholz on 1-16-2003 and signed extradition documents in Court on 1-17-2003." (Doc. 2, Exh. 2)[2].  As the Court understands his argument, petitioner contends the Ohio charges against him should be dismissed because he was not tried within the 180 days of his "extradition" in

---

[2]     The Court notes that petitioner submits additional information indicating he was transported to the Green County Jail in Green County, Missouri on January 16, 2003, the date petitioner alleges he was "extradited" to Ohio, and temporarily released to the custody of state officials in Missouri.  This evidence shows petitioner was not transferred to the custody of state officials in Ohio "because the federal judge issued an order nunc pro tunc on January 17, 2003, in which he reaffirmed that [petitioner was] committed for mental health treatment authorized by 18 U.S.C. Section 4244" and that his subsequent attempt to resolve the pending Ohio charges was quashed as he was still considered mentally incompetent. (Doc. 10, Exh. 2).  Although petitioner apparently disputes the accuracy of this evidence, even accepting for purposes of petitioner's claim that he was transferred to Ohio on January 16, 2003, for the reasons set forth in the body of this Report and Recommendation he is not entitled to habeas corpus relief.

violation of Article III of the IAD.

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104- 132, 110 Stat. 1214 ("AEDPA"), a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits in state court unless the adjudication either:

> 1.  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2.  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Therefore, this Federal Court is bound by the state court's adjudication of petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998).  The phrases "contrary to" and "unreasonable application" have independent meanings:

> A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the law set forth in ... [Supreme Court] cases, or if it decides a case differently that we have done on a set of materially indistinguishable facts.  The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies it to the facts of a particular case.  The focus on the latter inquiry is whether the state court's application of clearly established federal law is objectively unreasonable ... and an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694 (2002)(citation omitted).  Finally, this Court must presume the correctness of the state court's factual determinations in the absence of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1).  *See McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001).

As indicated above, the Hamilton County Court of Common Pleas rejected petitioner's request under the IAD for final disposition of the charges against him.  The undersigned

assumes, for purposes of this petition, that the Ohio Court of Appeals and Ohio Supreme Court rejected petitioner's appeals.  Nevertheless, a violation of the Interstate Agreement on Detainers ordinarily does not warrant the habeas corpus relief petitioner seeks in this case.  *See Browning v. Foltz*, 837 F.2d 276, 283 (6th Cir. 1988), *cert. denied*, 488 U.S. 1018 (1989); *Metheny v. Hamby*, 835 F.2d 672, 674 (6th Cir. 1987), *cert. denied*, 488 U.S. 913 (1988).  Federal habeas review of alleged IAD violations is limited "to errors constituting a 'fundamental defect' resulting in a 'complete miscarriage of justice' or 'an omission inconsistent with rudimentary demands of fair procedure.'" *Smith v. Elo*, 23 Fed. Appx. 310, 315 (6th Cir. 2001), citing *Reed v. Farley*, 512 U.S. 339, 348 (1994); *Metheny v. Hamby*, 835 F.2d 672, 674 (6th Cir. 1987)(holding "in the absence of exceptional circumstances, a claimed violation of Article IV(e) of the IAD is not a fundamental defect which is cognizable under 28 U.S.C. § 2254.").  The IAD is a federal law subject to federal construction, and on federal habeas corpus review the issue of whether the Ohio courts denied petitioner his rights under Article III of the IAD is reviewed under the "unreasonable application" prong of § 2254(d)(1).  *See Smith v. Elo*, 23 Fed. Appx. 310, 314 (6th Cir. 2001).

Petitioner is not entitled to § 2254 habeas relief on his claim that the State of Ohio violated the Interstate Agreement on Detainers. *Browning*, 837 F.2d at 283.   Even if petitioner's claim is cognizable on habeas review, he is not entitled to habeas relief because the remedies set forth in the IAD,  including the requirement of trial within 180 days under Article III,  do not apply to petitioner.  The record shows petitioner is incompetent to stand trial and mentally ill. *See* 18 U.S.C.  App. 2 § 2.  *See, e.g., Birdwell v. Skeen*, 983 F.2d 1332, 1340-41 (5th Cir.1993); *Stroble v. Anderson*, 587 F.2d 830, 838 (6th Cir. 1978), *cert. denied*, 440 U.S. 940 (1979).

Article VI of the IAD states:

> (a) In determining the duration and expiration dates of the time periods provided in articles III and IV of this agreement, the running of said time periods shall be tolled whenever and for as long as the prisoner is unable to stand trial, as determined by the court having jurisdiction of the matter.
> (B) No provision of this agreement, and no remedy made available by this agreement shall apply to any person who is adjudged to be mentally ill.

18 U.S.C. App. 2 § 2, Art. VI.  The record shows petitioner was adjudged to be mentally incompetent during the federal criminal proceedings against him and that he was transferred to his current placement at the Springfield Missouri Medical Center for Federal Prisoners for hospitalization and treatment.  Petitioner presents no evidence that his competency had been restored at the time of his request to the Hamilton County Court of Common Pleas for a final disposition of the charges against him.  Moreover, the record shows that at the time of his request, he was not under a final term of imprisonment on his federal conviction as required under Article III of the IAD as petitioner had only been provisionally sentenced on his federal crime pending his hospitalization and treatment to restore his competency.  Thus, petitioner fails to establish a violation of the Interstate Agreement on Detainers, and in any event, has not shown exceptional circumstances warranting habeas corpus relief.  *See Browning*, 837 F.2d at 283; *Metheny*, 835 F.2d at 674.  Accordingly, the Court finds the decision of the Ohio court was not contrary to, or an unreasonable application of federal law and petitioner is not entitled to habeas relief on the basis of his claim. 28 U.S.C. § 2254(d)(1).

### IT IS THEREFORE RECOMMENDED THAT:

1.  Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 2) be DENIED with prejudice.

7

2.  Petitioner's motion for summary judgment (Doc. 8) and motion to produce evidence (Doc. 9) be DENIED as moot.

2. A certificate of appealability should not issue with respect to the claim alleged because petitioner has failed to make a substantial showing of the denial of a constitutional right based on this claim.  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore DENY petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date:   1/24/2006                                          s/Timothy S. Hogan
     KI                                                    Timothy S. Hogan
                                                          United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**


ALBERT J. SCHUHOLZ, JR.,
      Petitioner


       vs                                 Case No. 1:04-CV-724
                                       (Weber, J.; Hogan, M.J.)


STATE OF OHIO,
      Respondent.

**NOTICE**


Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action.  Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof.   Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s).  Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections.  *See* Fed. R. Civ. P. 72(b).  A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal.  *See Thomas v. Arn,* 474  U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

9

10