UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ALBERT J. SCHUHOLZ, JR.,
    Petitioner

vs                                       Case No. 1:04-cv-724
                                                (Weber, J.; Hogan, M.J.)

STATE OF OHIO,                         **REPORT AND RECOMMENDATION**
    Respondent

       This matter is before the Court on petitioner's Rule 60(b) motions for relief from judgment filed on May 18, 2006 (Doc. 19), September 15, 2006 (Doc. 21), and October 20, 2006. (Doc. 23).

       On March 31, 2006, the Court denied petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and ruled that a certificate of appealability should not issue. (Doc. 13). Petitioner filed a timely notice of appeal on April 18, 2006. (Doc. 16). He then filed two motions for relief from judgment on May 18 and September 15, 2006. (Docs. 19, 21). On September 28, 2006, the Court of Appeals denied petitioner a certificate of appealability and did not remand the case back to this Court. (Doc. 22). Thereafter, petitioner filed his third motion for relief from judgment. (Doc. 23).

**I. Petitioner's Rule 60(b) motions for relief from judgment filed on May 18, 2006 (Doc. 19) and  September 15, 2006 (Doc. 21) should be denied.**

       The Court lacks jurisdiction over petitioner's Rule 60(b) motions filed on May 18, 2006 (Doc. 19) and September 15, 2006. (Doc. 21). Because petitioner filed his notice of appeal prior to seeking relief from judgment, this Court no longer had jurisdiction over the matter. *See*

*Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993) ("[a]s a general rule, a district court no longer has jurisdiction over an action as soon as a party files a notice of appeal. . . ."). Although the Court retains jurisdiction to decide a timely filed Rule 60(b) motion, in the instant case petitioner's motions were filed more than one month after the notice of appeal. *See Avery v. Nicol*, 208 F.3d 212, *1-2 (6th Cir. 2000) (holding district courts retain jurisdiction to resolve a Rule 60(b) motion filed no later than ten days after judgment because the motion tolls the time for appeal and renders ineffective the notice of appeal until the Rule 60(b) motion is resolved). The "traditional rule is that a timely appeal divests the district court of jurisdiction to reconsider its judgment until the case is remanded by the Court of Appeals." *LSJ Inv. Co. Inc., v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999) (quoting *Pittock*, 8 F.3d at 327). Because the Court did not have jurisdiction to decide petitioner's motions for relief from judgment at the time they were filed with this Court, and since the Court of Appeals denied petitioner a certificate of appealability and did not remand the matter, this Court continues to have no jurisdiction over the motions. Accordingly, petitioner's motions for relief from judgment (Docs. 19, 21) should be denied.

**II. Petitioner's Rule 60(b) motion for relief from judgment filed on October 20, 2006 (Doc. 23) should be construed as a second or successive petition and transferred to the United States Court of Appeals for the Sixth Circuit as a successive petition.**

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court

does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. *Nelson v. United States*, 115 F.3d 136 (2nd Cir. 1997); *Hill v.. Hopper*, 112 F.3d 1088 (11th Cir.), *cert. denied*, 520 U.S. 1203 (1997). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

With respect to petitioner's October 20, 2006 motion for relief from judgment, filed subsequent to the Court of Appeals' decision, the Court must determine whether petitioner's motion for relief from judgment is properly brought pursuant to Rule 60(b), or whether it should be considered a second or successive petition for a writ of habeas corpus. In *Gonzalez v. Crosby*, 125 S.Ct. 2641 (2005), the Supreme Court addressed whether the restrictions under the AEDPA pertaining to second or successive habeas corpus petitions barred a petitioner's Rule 60(b) motion. A Rule 60(b) motion is a second or successive habeas petition when it "seeks vindication of" or "advances" one or more "claims." *Gonzalez*, 125 S.Ct. at 2647-48. A "motion can . . . be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim on the merits." *Id*. "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)," and a motion does not attack a determination on the merits when the motion "merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id*. at 2648 n. 4.

In his October 20, 2006 motion for relief from judgment, petitioner offers new evidence in support of his grounds for habeas corpus relief. Petitioner purports to present "newly discovered" evidence disputing the Ohio court's finding that he is not entitled to invoke the Interstate Agreement on Detainers to dispose of the detainers against him and disputing that he is in fact mentally ill. Petitioner's Rule 60(b) motion seeks to advance claims that the district court previously considered and dismissed on the merits. The motion is therefore a second or successive habeas petition. While petitioner's motion does not attack the Court's substantive analysis of those claims, but purports to raise newly discovered evidence, his claim of newly discovered evidence will inevitably lead to a merits-based attack on the prior dismissal of his habeas petition. *See Gonzalez,* 125 S.Ct. at 2647-48; *Post v. Bradshaw,* 422 F.3d 419, 424-25 (6th Cir. 2005). *Gonzalez* explicitly states that a Rule 60(b) motion is in effect a successive petition if it "seek[s] leave to present 'newly discovered evidence' in support of a claim previously denied." 125 S.Ct. at 2647 (internal citation omitted). Accordingly, petitioner's Rule 60(b) motion is properly construed as a second or successive § 2254 petition and this Court lacks jurisdiction to entertain the motion without authorization from the United States Court of Appeals for the Sixth Circuit. *See* 28 U.S.C. § 2244(b)(3); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Because petitioner's Rule 60(b) motion qualifies as a second or successive habeas petition and petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A), the Court should transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's motions for relief from judgment filed on May 18, 2006 (Doc. 19) and September 15, 2006 (Doc. 21) should be denied.

2. Petitioner's Rule 60(b) motion for relief from judgment filed on October 20, 2006 (Doc. 23) should be construed as a second or successive habeas petition and transferred to the United States Court of Appeals for the Sixth Circuit as a successive petition.


Date: 12/22/2006                                                         s/Timothy S. Hogan
    Kl                                                                                    Timothy S. Hogan
                                                                                     United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ALBERT J. SCHUHOLZ, JR.,
    Petitioner

vs                                          Case No. 1:04-CV-724
                                                   (Weber, J.; Hogan, M.J.)

STATE OF OHIO,
    Respondent.

**NOTICE**

       Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

1:04 cv 724 Doc. 24

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Albert J Schuholz<br>#00430-061<br>MCFP Springfield<br>PO Box 4000<br>1900 West Sunshine<br>Springfield, MO 65801-4000 | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered     ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number (Transfer from service label) | 7002 0860 0006 5230 5400 |

PS Form 3811, August 2001   Domestic Return Receipt   102595-02-M-0835