UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**ALBERT SCHUHOLZ, JR.,**

        Petitioner

    v.                        C-1-04-724

**STATE OF OHIO,**

        Respondent

## ORDER

This matter was referred pursuant to 28 U.S.C. § 636 to the United States Magistrate Judge for consideration and report on the motions filed by petitioner under 60(b) of the Federal Rules of Civil Procedure (doc. nos. 19, 21 and 23). The matter is before the Court upon the Report and Recommendation of the Magistrate Judge (doc. no. 24) and Petitioner's objections (doc. no. 25). The Magistrate Judge recommend that Petitioner's Rule 60(b) Motions for Relief from Judgment filed May 18, 2006 (doc. no. 19) and September 15, 2006 (doc. no. 21) be denied. The Magistrate Judge also recommend that Petitioner's Rule 60(b) Motion for Relief from Judgment filed October 20, 2006 (doc. no. 23) be construed as a second or successive habeas petition and transferred o the United States Court of Appeals for the Sixth Circuit as a successive petition. Subsequent to his filing of his objections to the Report and Recommendation, petitioner filed a document entitled "Petitioner Filing for Disposition of Charges, Enforcing IADA" (doc. no. 26).

## Report and Recommendation

This matter is before the Court on petitioner's Rule 60(b) motions for relief from judgment filed on May 18, 2006 (Doc. 19), September 15, 2006 (Doc. 21), and October 20, 2006. (Doc. 23).

On March 31, 2006, the Court denied petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and ruled that a certificate of appealability should not issue. (Doc. 13). Petitioner filed a timely notice of appeal on April 18, 2006. (Doc. 16). He then filed two motions for relief from judgment on May 18 and September 15, 2006. (Docs. 19, 21). On September 28, 2006, the Court of Appeals denied petitioner a certificate of appealability and did not remand the case back to this Court. (Doc. 22). Thereafter, petitioner filed his third motion for relief from judgment. (Doc. 23).

I. Petitioner's Rule 60(b) motions for relief from judgment filed on May 18, 2006 (Doc. 19) and September 15, 2006 (Doc. 21) should be denied.

The Court lacks jurisdiction over petitioner's Rule 60(b) motions filed on May 18, 2006 (Doc. 19) and September 15, 2006. (Doc. 21). Because petitioner filed his notice of appeal prior to seeking relief from judgment, this Court no longer had jurisdiction over the matter. *See Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993) ("[a]s a general rule, a district court no longer has jurisdiction over an action as soon as a party files a notice of appeal. . . ."). Although the Court retains jurisdiction to decide a timely filed Rule 60(b) motion, in the instant case petitioner's motions were filed more than one month after the notice of appeal. *See Avery v. Nicol*, 208 F.3d 212, *1-2 (6th Cir. 2000) (holding district courts retain jurisdiction to resolve a Rule 60(b) motion filed no later than ten days after

judgment because the motion tolls the time for appeal and renders ineffective the notice of appeal until the Rule 60(b) motion is resolved).  The "traditional rule is that a timely appeal divests the district court of jurisdiction to reconsider its judgment until the case is remanded by the Court of Appeals." *LSJ Inv. Co. Inc., v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999) (quoting *Pittock*, 8 F.3d at 327). Because the Court did not have jurisdiction to decide petitioner's motions for relief from judgment at the time they were filed with this Court, and since the Court of Appeals denied petitioner a certificate of appealability and did not remand the matter, this Court continues to have no jurisdiction over the motions.  Accordingly, petitioner's motions for relief from judgment (Docs. 19, 21) should be denied.

**II. Petitioner's Rule 60(b) motion for relief from judgment filed on October 20, 2006 (Doc. 23) should be construed as a second or successive petition and transferred to the United States Court of Appeals for the Sixth Circuit as a successive petition.**

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998).  Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. *Nelson v. United States*, 115 F.3d 136 (2nd Cir. 1997); *Hill v.. Hopper*, 112 F.3d 1088 (11th Cir.), *cert. denied*, 520 U.S. 1203 (1997). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

With respect to petitioner's October 20, 2006 motion for relief from judgment,

4

filed subsequent to the Court of Appeals' decision, the Court must determine whether petitioner's motion for relief from judgment is properly brought pursuant to Rule 60(b), or whether it should be considered a second or successive petition for a writ of habeas corpus. In *Gonzalez v. Crosby*, 125 S.Ct. 2641 (2005), the Supreme Court addressed whether the restrictions under the AEDPA pertaining to second or successive habeas corpus petitions barred a petitioner's Rule 60(b) motion. A Rule 60(b) motion is a second or successive habeas petition when it "seeks vindication of" or "advances" one or more "claims." *Gonzalez*, 125 S.Ct. at 2647-48. A "motion can . . . be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim on the merits." *Id.* "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)," and a motion does not attack a determination on the merits when the motion "merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at 2648 n. 4.

In his October 20, 2006 motion for relief from judgment, petitioner offers new evidence in support of his grounds for habeas corpus relief. Petitioner purports to present "newly discovered" evidence disputing the Ohio court's finding that he is not entitled to invoke the Interstate Agreement on Detainers to dispose of the detainers against him and disputing that he is in fact mentally ill. Petitioner's Rule 60(b) motion seeks to advance claims that the district court previously considered and dismissed on the merits. The motion is therefore a second or successive habeas petition. While petitioner's motion does not attack the Court's substantive analysis of those claims, but purports to raise newly discovered evidence, his claim of newly

5

discovered evidence will inevitably lead to a merits-based attack on the prior dismissal of his habeas petition.  See *Gonzalez*, 125 S.Ct. at 2647-48; *Post v. Bradshaw,* 422 F.3d 419, 424-25 (6th Cir. 2005). *Gonzalez* explicitly states that a Rule 60(b) motion is in effect a successive petition if it "seek[s] leave to present 'newly discovered evidence' in support of a claim previously denied." 125 S.Ct. at 2647 (internal citation omitted).  Accordingly, petitioner's Rule 60(b) motion is properly construed as a second or successive § 2254 petition and this Court lacks jurisdiction to entertain the motion without authorization from the United States Court of Appeals for the Sixth Circuit. *See* 28 U.S.C. § 2244(b)(3); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

   Because petitioner's Rule 60(b) motion qualifies as a second or successive habeas petition and petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A), the Court should transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

6

## Opinion

Upon careful consideration of the petitioner's objections, and upon conducting a *de novo* review of the record, especially in light of petitioner's objections, the Court finds that petitioner's contentions have either been adequately addressed and properly disposed of by the Magistrate Judge or present no particularized arguments that warrant specific responses by this Court. The Court finds that the Judge has accurately set forth the controlling principles of law and properly applied them to the particular facts of this case.

Accordingly, the Court accepts the factual findings and legal reasoning of the Magistrate Judge and hereby ADOPTS his Report and Recommendation dated December 22, 2006.

Petitioner's Motions for Relief from Judgment filed May 18, 2006 (doc. no. 19) and September 15, 2006 (doc. no. 21) are hereby DENIED for lack of jurisdiction.

Petitioner's Rule 60(b) Motion for Relief from Judgment filed on October 20, 2006 (doc. no. 23) shall be construed as a second or successive Petition for Writ of Habeas Corpus. The document filed on January 3, 2007 entitled "Petitioner Filing for Disposition of Charges, Enforcing IADA" raises the same issues decided before in this case and are DENIED.

- 7 -

The Clerk shall TRANSFER this matter to the United States Court of Appeals for the Sixth Circuit as a successive petition.

This matter is hereby TERMINATED on the docket of this Court.

IT IS SO ORDERED.

s/Herman J. Weber<br>
Herman J. Weber, Senior Judge<br>
United States District Court